UNITED STATES v. SMOLER BROS., Inc.
No. 10108.

United States Court of Appeals,
Seventh Circuit.

Feb. 13, 1951.

Lewis F. Jacobson, Sidney C. Nierman, David Silbert, Irving A. Gordon, Arthur

Altschul and Jacobson, Nierman & Silbert, Chicago, Ill., for appellant.

William S. Tyson, Sol., Bessie Margolin, Asst. Sol. Dept. of Labor, Washington, D. C., Herman Grant, Regional Atty., Otto Kerner, Jr., U. S. Atty., C. Wylie Allen, Asst. U. S. Atty., Chicago, Ill. (William A. Lowe, E. Gerald Lamboley, Attys., U. S. Dept. of Labor, Washington, D. C., of counsel), for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a judgment of the District Court which found that the defendant, Smoler Bros., Inc., was liable to the Government for liquidated damages of $6,300.00 under the provisions of the Walsh-Healey Public Contracts Act, 41 U. S.C.A. § 35 et seq.

The defendant was a party to twelve contracts between it and the War Department and the Navy Department, each of which contracts provided for "the manufacture or furnishing of materials, supplies, articles, and equipment in an amount exceeding $10,000.00." Each of the four Navy contracts, pursuant to the provisions of Section 1(d) of the Act, contained the stipulation that "No male person under sixteen years of age and no female person under eighteen years of age * * * will be employed by the contractor in the manufacture or production or furnishing of any of the materials, supplies, articles, or equipment included in such contract". The eight Army contracts in setting out what purported to be the "Representations and stipulations pursuant to Walsh-Healey Act," provided that "No male or female person under 16 years of age * * * will be employed by the contractor."

Section 6 of the Act provided that the Secretary of Labor might make an exception or exemption to the provisions of Section 1 of the Act where such exception or exemption would be in the public interest or would prevent injustice or undue hardship.

On November 11, 1942, prior to the performance of the contracts in question, the

Secretary of Labor, pursuant to the authority so conferred by Section 6 of the Act, granted a conditional exemption as to the stipulation on the employment of girls between 16 and 18 years of age. One of the conditions to the exemption provided that no girl between the ages of 16 and 18 would be employed for more than 8 hours in any one day.

The defendant insists that since the prohibition against the employment of girls under 18 years of age was not actually written into the contract, and since the officials of its home office, located in Chicago, Illinois, did not have actual personal knowledge of the violation of the condition imposed by the Secretary of Labor as to the employment of girls between 16 and 18 years of age for more than 8 hours per day at its South Bend plant, it cannot be held liable for penalties under Section 2 of the Act.

■ The contention of the defendant that it did not knowingly violate the provisions of Section 1(d) of the Act is without merit. The plant at South Bend, Indiana, was under the control and supervision of a general manager for the defendant. His duties consisted of the complete management and operation of the South Bend plant, subject only to general policies dictated by the officers of defendant. The records maintained by the defendant in South Bend showed the correct ages of 56 girl employees to be between 16 and 18 years, and also showed the employment of such girls for more than eight hours per day for an aggregate of 630 days. A corporation cannot be permitted to contend that it does not know facts which its books and records plainly reveal, or facts which are known to its manager who is in charge of the operation and management of its plant. United States v. Craddock-Terry Shoe Corporation, D.C., 84 F.Supp. 842.

■ A more serious question is presented by the fact that the eight Army contracts, as actually written and executed by the parties, contrary to the provisions of Section 1 of the Act, provided that no girls under 16 years of age should be employed. Section 1 of the Act required that in any such contract there should be a stipulation that no girl under 18 years of age should be employed. We cannot agree with the contention of the defendant that the insertion of stipulation 1(d) was not mandatory. Section 1 of the Act expressly provides that in any contract of the Government for supplies, such as the contracts here in question, "there shall be included" the stipulation "(d) That * * * no female person under eighteen years of age * * * will be employed by the contractor in the manufacture * * *" of any of such supplies. We do not know how Congress could have made the insertion of this stipulation more mandatory.

■ However, since Section 2 of the Act only imposed a penalty for "Any breach or violation of any of the representations and stipulations in any contract" we agree with the defendant's contention that there can be a punishable breach or violation of only the representations and stipulations which were included in the contract.

The legislative history of the Act seems to support the defendant's contentions on this question. If Congress had intended that any contractor furnishing supplies to the Government should be penalized for employing any girl under 18 years of age for more than 8 hours in any one day, the Act could have been so worded as to say just that.

In 1938 there was an unsuccessful attempt in Congress to amend the penalty provision of the Act by making the penalty payable "For wilfully violating any of the terms or conditions of this Act or any rule or regulation issued by the Secretary pursuant to this Act * * *."

Another amendment was proposed, but not adopted, to Section 1 of the Act, "(f) that the contractor will comply with all of the terms of this Act, including any and all rules and regulations in force and effect." Both the Senate and House Reports on this proposed amendment explained that, "Sub-section (f) is new and makes it clear that the contractor is obligated to comply with the provisions of the Act even though the stipulations to do so may not have been included in the contract through oversight, and also requires

the contractor to comply with all rules and regulations under the Act."

 Where, as here, an act is clear and without ambiguity, and where the legislative history so clearly indicates the intention of Congress, we are not permitted to read into the act words which Congress has omitted. The Act provided for a penalty only for a "breach or violation of any of the representations and stipulations" in the contract. The stipulation in the Army contracts as to the employment of minor girls was that no girl under 16 years of age should be employed. There was no evidence tending to show that the defendant employed any girls under 16. Therefore, that part of the judgment which represents penalties for violation of the Army contracts cannot be sustained.

The Government makes the point that under the Walsh-Healey provisions of each of the Army contracts the parties agreed that, "(i) The foregoing representations and stipulations shall be subject to all applicable regulations, determinations and exemptions of the Secretary of Labor now or hereafter in effect." The Government argues that to any one familiar with the Act, as defendant admittedly was, this clause had reference to the conditions attached to the employment of girls between 16 and 18 years of age. However, since the only "foregoing representations and stipulations" in the Army contracts with regard to employment of girls was that no girl under 16 years of age would be employed, there was no breach of the Army contracts.

In that portion of the contract relating to the Walsh-Healey Act the parties also provided, "(f) Any breach or violation of any of the foregoing representations and stipulations shall render the party responsible therefor liable to the United States of America for liquidated damages * * * in the sum of $10.00 per day for each * * * female person under 16 years of age * * * employed in the performance of the contract * * *." This latter provision of the contract between the parties as to liquidated damages to be collected by the Government is consistent with our holding above that in the employment of girls there was no breach of the Army contracts by the defendant.

The judgment of the District Court is reversed with instructions that a judgment for $810.00, the amount of penalties imposed for violations of Sec. 1(d) in the Navy contracts, be entered in favor of the plaintiff.