ON PLAINTIFF’S MOTION POR REHEARING
Per Coriam :
In its motion for rehearing plaintiff contends ,that it has been established that it was not liable for the penalties of the Act because the court found that plaintiff did not in fact know that it was employing underage persons on the government contracts. Even assuming that it is indisputable that plaintiff did not have such actual knowledge, and even assuming that a showing of non-liability would make the compromise payment deductible, we do not believe that the existence of actual knowledge is a necessary element of liability.
“* * * All foreladies were furnished with the names and ages of all employees in their departments and instructed the employees in their charge that under no circumstances were any females under age 18 to perform any work on the trays containing parts for government contracts. The foreladies made personal observations to ascertain whether their instructions were carried out.” [Finding 20 of the decision of March 7, 1962, ante, p. 610.]
Plaintiff’s foreladies thus must have known which persons were working on the government contracts; this knowledge is chargeable to plaintiff. Therefore, if in fact underage employees were employed on the government contracts, plaintiff used them “knowingly.” Cf. United States v. Smoler Bros., Inc., 187 F. 2d 29 (CA 7). In short, it is not clear whether or to what extent plaintiff was actually liable for the penalties assessed. Unless the question of liability is to be litigated here, it is appropriate to treat such a payment as an admission of liability. And, as stated in our opinion, ante, p. 590, we do not think that determination of the issue *617 of liability in tbe course of this proceeding is desirable since the compromise was made, in part, to avoid the necessity of litigation. Thus, a compromise payment is no more a deductible expense than actual penalties that might be successfully assessed.
The motion for rehearing is denied.
It is so ordered.